## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN HAYES, | | |
| | *Plaintiff,* | Civil Action No. |
| v. | | 3:02 CV 1542 (MRK) |
| CITY OF TORRINGTON, ET AL | | |
| | *Defendant*s. | November 5, 2003 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCLOSURE

Pursuant to Fed.R.Civ.P. 37(d) and D.Conn.L.R. 37, the defendants, JAYE GIAMPAOLO and JOHN B. FIELD, JR., submit the following Memorandum of Law in support of their Motion to Compel Disclosure dated November 5, 2003.

### I.     BACKGROUND.

By way of complaint dated August 26, 2002, the plaintiff, Kevin Hayes, commenced an action against the City of Torrington (the "Citu"), the individual members of the Board of Public Safety (the "Board"), Jaye Giampaolo ("Giampaolo") and John B. Field, Jr. ("Field"). Giampaolo and Field were the Acting Deputy Fire Chief and the Chief of the Torrington Fire Department, respectively.  The present lawsuit, when reduced to its most basic form, is nothing more than the claim that because the plaintiff Hayes scored second-highest on the promotional exam for the rank of Captain in 2001, he should have been promoted to that rank. Hayes seeks due process to uncover the

reasons that he was not promoted and claims that past practices entitled him, for scoring highest on the exam, to the promotion to the rank of Captain. According to Hayes, the alleged failure to promote equates to a violation of his constitutional rights.

On September 18, 2003, all counsel for the parties attended a status conference before the Court. During the September 18, 2003 conference, the Court entered orders concerning discovery and dispositive motions (see Exhibit A). Specifically, the Court order all discovery completed by December 1, 2003. Thereafter, on September 22, 2003, the defendants served written discovery upon the plaintiff through his counsel. Pursuant to Rule, the plaintiff's responses would have been due no later than October 25, 2003.

On September 27, 2003, the plaintiff moved for a 60-day extension of time in addition to the 30 days already allowed for responses. On October 2, 2003, the Court denied that motion (see Exhibit B). Thereafter, on September 29, 2003, the defendants noticed the deposition of the plaintiff for November 4, 2003 (see Exhibit C). As of November 3, 2003, no responses have been received from the plaintiff and no objections have been interposed by the plaintiff.

On November 3, 2003, the undersigned counsel telephoned counsel for the plaintiff in order to ascertain whether the discovery responses would be forthcoming. Counsel for the plaintiff stated the responses were not complete. On November 4, 2003, neither the plaintiff nor his counsel appeared at his deposition. In a good faith effort to resolve this dispute without action by this Court, the undersigned counsel and plaintiff's counsel discussed a resolution; defendants' counsel suggested that plaintiff's counsel

agree to provide complete responses to the undersigned by the close of business on Monday, November 10, 2003 so that a deposition of the plaintiff could take place without amending the scheduling order. (See Exhibit E).

Despite such offer, the plaintiff's counsel has not responded.

Despite knowing that discovery was set to conclude on December 1, 2003, the plaintiff moved for an extension of time which was properly denied by the Court. Rather than respond to discovery, the plaintiff chose to ignore said discovery. The plaintiff's failure is only compounded by his failure to attend his own deposition which is an issue that is subject of a Motion will be filed with the Court. The plaintiff's dilatory actions and willful noncompliance in light of the Court's order denying the extension of time warrant the orders requested below.

## II.    DISCOVERY IN DISPUTE.

The written discovery in dispute is attached as Exhibit F. The discovery in dispute is the entire exhibit marked as Exhibit F as the plaintiff has not answered, objected or responded within the time allotted.

## III.    LAW AND ARGUMENT.

Fed.R.Civ.P 33(b)(3) requires the plaintiff to answer interrogatories within 30 days unless granted leave by the Court. No such leave was granted. Exhibit C. Similarly, Fed.R.Civ.P. 34(b) requires the plaintiff to produce documents within 30 days unless granted leave by the Court. No such leave was granted. Exhibit C.

It is axiomatic that discovery is normally allowed into any matter that bears upon the issues or reasonably could lead to relevant information. Oppenheimer Fund Inc. v.

Sanders, 473 U.S. 340, 351 (1978). Information need not be admissible as evidence in order to be discoverable. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 29-30 (1984). "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). In the Second Circuit, "[t]his obviously broad rule is liberally construed." Daval Steele Products v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991), *citing* Oppenheimer, *supra*, 437 U.S. at 351.

No objection to any interrogatory or production request was ever interposed. If he had objected, the burden of showing why discovery should be denied rests with the objecting party. Blakenship v. Hearst Corp., 519 F.2d 418 (9th Cir. 1975).

The defendants seek the following orders:

- That the plaintiff, fully and completely, respond to the defendants' written discovery so that said responses are received by the undersigned counsel at his office by 12:00 noon, Friday, November 14, 2003 without objection; and

- That the defendants are awarded their attorney's fees and costs for the prosecution of this Motion.

WHEREFORE, the defendants pray their Motion to Compel Disclosure is granted.

THE DEFENDANTS,
JAYE GIAMPAOLO and JOHN B.
FIELD, JR.


/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
jradshaw@hl-law.com

## CERTIFICATION

I hereby certify that on November 5, 2003, a copy of foregoing was served by U.S. Mail, postage pre-paid to all *pro se* parties and counsel of record.

Norman A. Pattis, Esquire
Christy Doyle, Esquire
WILLIAMS & PATTIS, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

Constance L. Epstein, Esquire
Jack G. Steigelfest, Esquire
HOWARD, KOHN, SPRAGUE &
FITZGERALD, LLP
237 Buckingham Street
Post Office Box 261798
Hartford, CT 06126-1798

Albert Vasko, Esquire
Corporation Counsel
CITY OF TORRINGTON
140 Main Street
Torrington, CT 06790


/s/ John J. Radshaw, III
John J. Radshaw, III



DEFENDANT'S
EXHIBIT
1
1/4/83

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KEVIN HAYES                          :     NO.: 3:02CV01542 (CFD)
                                     :
v.                                   :
                                     :
CITY OF TORRINGTON, JAMES            :
POTTER, CAROLANN KENNEDY,            :
THOMAS TELMAN, ROBERT ZORDAN,        :
KENNETH FUCHSMAN, CHRISTOPHER        :
JANCO, JAYE GIAMPAOLO AND            :
JOHN B. FIELD, JR.                   :     SEPTEMBER 25, 2003

### NOTICE OF DEPOSITION

TO:    ALL COUNSEL OF RECORD

        PLEASE TAKE NOTICE that at 10:00 a.m. on Tuesday, the 4th day of

November, 2003, at the law offices of HOWD & LUDORF, 65 Wethersfield Avenue,

Hartford, CT, the defendants, JAYE GIAMPAOLO AND JOHN B. FIELD, JR., will take

the deposition of the plaintiff, KEVIN HAYES, upon oral examination pursuant to the

Federal Rules of Civil Procedure, before Niziankiewicz & Miller, a notary public, or

before some other officer authorized by law to administer oaths.

        The oral examination shall continue from day to day until completed.  You are

invited to attend and cross-examine.

# Exhibit A

DEFENDANTS,
JAYE GIAMPAOLO AND
JOHN B. FIELD, JR.

By_____
    John J. Radshaw, III,
    ct19882
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (fax)
    E-mail:  jradshaw@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via certified/return receipt to the following counsel of record this 25th day of September 2003.

John R. Williams, Esquire
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

Constance L. Epstein, Esquire
Jack G. Steigelfest, Esquire
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
Hartford, CT 06106

Albert G. Vasko, Esquire
140 Main Street
Torrington, CT 06790

_____
John J. Radshaw, III

2

DEFENDANT'S
EXHIBIT 4p
2
11/4/03

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

Hayes                          :

                               :

            Plaintiff,         :      NO.   3:02cv1542 (MRK)

                               :

v.                             :

                               :

City of Torrington, et al      :

                               :

            Defendants.        :

## <u>ORDER</u>

The parties having conferred with the Court on September 18, 2003 regarding the above-captioned case, the following changes to the existing scheduling order are ordered:

1.   Discovery will close on December 1, 2003;

2.   Dispositive motions will be filed by January 2, 2004;

3.   The Joint Trial Memorandum will be filed, pursuant to the District of Connecticut's Standing Order on Trial Memoranda in Civil Cases, within sixty days of this Court's ruling on any outstanding motions.

IT IS SO ORDERED.

_____

Mark R. Kravitz, U.S.D.J.

Dated at New Haven, Connecticut: <u>September 18, 2003</u>

# Exhibit B

FILED *SB*

SEP 29  10 12 AM '03

UNITED STATES DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RECEIVED
OCT - 6 2003
BY:------------------

DEFENDANT'S
EXHIBIT  *HP*
3
11/4/03

KEVIN HAYES                                :

VS.                                        : NO. 3:02CV01542(MRK)

CITY OF TORRINGTON, ET AL.                 : SEPTEMBER 27, 2003

### PLAINTIFF'S FIRST MOTION FOR EXTENSION OF TIME
### TO RESPOND TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND
### REQUESTS FOR PRODUCTION

Pursuant to Local Rule 7(b), the plaintiff respectfully requests an extension of time of sixty (60) days, up to and including December 22, 2003, to comply with defendants' interrogatories and requests for production dated September 22, 2003.

In support of this motion, the plaintiff represents as follows:

1.  He was served with defendants' interrogatories and requests for production on or about September 24, 2003.

2.    Counsel is in the process of ascertaining responses to such requests and needs the additional time to comply with defendants' requests.

3.    Defendants' attorney was contacted by this office and represents that he objects to the granting of this request.

*U.S. DISTRICT COURT*
*NEW HAVEN, CONN.*
*OCT 2   4 25 PM '03*

*DENIED. The parties agreed on September 18, 2003 to complete discovery by November 1, 2003, as this notice is inconsistent with the FRCP deadlines established jointly at that conference. So ordered.*

## Exhibit C

# WILLIAMS and PATTIS, LLC

John R. Williams
Norman A. Pattis
Katrena Engstrom
Timothy J. Mahoney
Christy H. Doyle
Elizabeth Brooks

51 Elm Street, Suite 40
New Haven, CT 06510

DEFENDANT'S
EXHIBIT HP
4
11/4/03

**(203) 562-9931**
**Facsimile: (203) 776-9494**

To:       JOHN RADSHAW        Date: 11/3/03

From:     KATRENA ENGSTROM    Total Number of Pages:    1
                              (including cover sheet)

Fax No.:  860-249-7665

---

Atty. Radshaw:

I left two phone messages for you Monday at about 6 PM.
On Tuesday, 11/4/03, Kevin Hayes has a hearing at the Board of Mediation and Arbitration which begins at 10 AM, probably will go several hours.

He is available next week, 11/11-13.  I would request that we begin at 11 AM because he is working nights next week.

We may be able to send you draft responses to interrogatories this week, and he is sending documents to our office tomorrow.

I apologize for this mix-up.  We did not have a home telephone number for him, and he told me that he had not received our letter notifying him about the deposition- (9/29/03 letter).   Please call me.  Kit Engstrom

---

If you do not receive all pages being sent, please call the sender as soon as possible at (203) 562-9931.

Information contained in this communication is legally privileged and/or confidential information which is intended only for use of the individual or entity named above. If the reader of this communication is not the intended recipient (or the agent or employee responsible to deliver it to the intended recipient), you are hereby notified that any dissemination, distribution, or reproduction of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original communication to us at the address set forth above via the U.S. Postal Service. Thank you.

Exhibit D

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN HAYES, | | |
| | *Plaintiff,* | Civil Action No. |
| v. | | 3:02 CV 1542 (MRK) |
| CITY OF TORRINGTON, ET AL | | |
| | *Defendant*s. | November 5, 2003 |

### <u>AFFIDAVIT OF JOHN J. RADSHAW, III</u>

The undersigned, after being duly sworn and cautioned, hereby deposes and says:

1.      I am over eighteen years of age and I believe in the obligations of an oath.

2.      I am an attorney admitted to the Bar of the State of Connecticut, and the United States District Court for the District of Connecticut.

3.      I am employed by the law firm of HOWD & LUDORF and I represent the defendants JAYE GIAMPAOLO and JOHN B. FIELD, JR., in the above captioned matter.

4.      I make this affidavit in support of a Motion to Compel Disclosure dated November 5, 2003 and as required by D.Conn.L.R. 7(a)2.

# Exhibit E

5.     As set forth in the defendants' Motion to Compel Disclosure, the plaintiff has failed to respond to the defendants' written discovery dated September 22, 2003.

6.     The scheduling order in this case requires the completion of discovery by December 1, 2003.

7.     On November 3, 2003, the undersigned counsel telephoned counsel for the plaintiff in order to ascertain whether the discovery responses would be forthcoming;

8.     Counsel for the plaintiff stated the responses were not complete;

9.     On November 4, 2003, neither the plaintiff nor his counsel appeared at his deposition;

10.    In a good faith effort to resolve this dispute without action by this Court and to obtain the responses before the deposition of the plaintiff, I discussed a resolution with plaintiff's counsel;

11.    I suggested that plaintiff's counsel agree to provide complete responses to the undersigned by the close of business on Monday, November 10, 2003 so that a deposition of the plaintiff could take place without amending the scheduling order.

12.    I asked the plaintiff's counsel to commit to this agreement by a specific time.

13.     Despite such offer, the plaintiff's counsel has not responded and action by

the Court is warranted given the limited time remaining before the

expiration of the scheduling order.


/s/ John J. Radshaw, III
John J. Radshaw, III

Subscribed and sworn to before me this 5th day of November, 2003.


/s/ Ellie C. Blackman
Notary Public
My Commission Expires: 10/31/07

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

KEVIN HAYES                          :        NO.:  3:02 CV 01542 (MJK)
                                     :
v.                                   :
                                     :
CITY OF TORRINGTON, ET AL            :        SEPTEMBER 22, 2003

<u>**DEFENDANTS' FIRST SET OF INTERROGATORIES AND**</u>
<u>**REQUESTS FOR PRODUCTION TO THE PLAINTIFF**</u>

Pursuant to Fed.R.Civ.P. 33 and 34, the defendants, JAYE GIAMPAOLO and JOHN B. FIELD, JR., hereby request that the plaintiff, KEVIN HAYES, answer under oath the following interrogatories within thirty (30) days of the time service is made upon its attorney of record and to file amended answers to the date of trial as supplemental or additional information is discovered.

**I.    <u>DEFINITIONS.</u>**

1.     The word "statement" or "statements" means (a) a written statement in the handwriting of the person making it, or a written statement signed or initialed or otherwise in writing adopted or approved by the person making it; or (b) a stenographic, mechanical, electrical, or other recording or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and which is contemporaneously recorded.

2.     The word "person" or "persons" means all entities, including but not limited to all individuals, associations, companies, and partnerships.

3.     The word "identify," when used with respect to a person or other entity, means that you are required to furnish the following information regarding each and every person or entity to be identified:

Exhibit F

a.      If the person is an individual, state his or her full name, last known business and residential address and telephone number, and his or her last known employer and place of employment and social security number.

b.      If the person is not an individual, state the full name of the entity involved and the name, last known address, employer, and place of employment of each and every individual or other person employed by or representing such entity or organization and having knowledge of or with whom communications have been had relating to the subject matter of the Interrogatory.

4.      The word "identify," when used with respect to a document, means that you are required to furnish the following information regarding each and every document:

a.      The title of the document;

b.      The date of the document

c.      The type of the document;

d.      The sender of the document, if such can be identified;

e.      The receiver of the document, if such can be identified; and

f.      The general subject matter of the document.

5.      The term "document" is defined as set forth in D.Conn.L.Civ.R. 39 (c)(2).

6.      Whenever you are asked to identify the "authority" or "factual basis" for a contention, your answer should identify each and every individual, document, law, rule, regulation, opinion, or policy on whom or on which you rely in support of your contention, as well as the facts or circumstances leading to the contention or factual allegation made, including the date, time and geographic location, if applicable, and witnesses to that event or incident.

7.      References to the "defendants" shall mean all of the defendants herein, collectively, unless the context indicates otherwise.

8.      References to the "City" or "Torrington" shall mean the defendant, CITY

OF TORRINGTON.

     9.     References to "Field" shall mean the defendant, JOHN B. FIELD, JR.

     10.    References to "Giampalo" shall mean the defendant, JAYE GIAMPAOLO.

     11.    References to "plaintiff," "Hayes," herein shall mean the plaintiff, KEVIN HAYES.

     12.    References to the Complaint shall mean the plaintiff's Complaint dated August 28, 2002.


## II.    <u>INSTRUCTIONS</u>

     1.     If your response to the interrogatory cannot fit within the space provided, attach additional sheets as necessary.

     2.     If you contend that any interrogatory or request for production is not applicable, state the factual and/or legal basis for such contention.

     3.     If you claim any interrogatory or request for production is objectionable in full or in part, the objection shall be stated with particularity.  If you interpose an objection to part of a discovery request, the non-objectionable portion of such request shall be answered together with your answers to the remainder of the discovery requests.  When a discovery request is alleged to be over-broad, the request shall be complied with to the extent that you concede that such discovery request is relevant.

     4.     If you assert a claim of any privilege as a ground for not fully complying with any discovery request, state the factual and/or legal basis for the claim of the privilege, the title of any documents alleged to be privileged, the date such documents were written, the author of such documents, the type of documents, the general subject matter of the documents, and the name and address of the custodian of such documents.

5.      If the response to any discovery request consists, in whole or in part, of an objection relating to or including burdensomeness, then provide such information as can be ascertained or provided without undue burden, and state with particularity:

a.      a description of the process or method required to obtain any fact responsive to the interrogatory request;

b.      the estimated cost and time required to obtain any fact responsive to the discovery request; and

c.      the extent to which documents or other sources of information will be made available for inspection and copying.

## III.    <u>INTERROGATORIES.</u>

1.      State your name, residence address, business address, date and place of birth, Social Security Number, and driver's license number.

2.      State the name, address, and years of attendance and graduation for each school you have attended, starting with high school and including college, junior college, technical school, or any other place of continuing education.

3.      Have you ever been or are you currently the subject of or the defendant in any prosecution, administrative action or lawsuit, either civil or criminal?  If so, please set forth: (a) the nature, substance, and description of each such complaint, disciplinary action, or lawsuit; and (b) the name and address of each complainant/plaintiff.

4.      Please list and identify each injury you claim to have sustained as a result of the incidents alleged in the Complaint and state when, where, and from whom did you first receive treatment for said injuries?

5.      State the names and addresses of each physician, therapist, psychologist, psychiatrist, or other source of treatment for the conditions or injuries you sustained as a result of the incident alleged in your Complaint.

6.      Are you presently under the care of any doctor or other health care provider for the treatment of injuries alleged to have been sustained as a result of the incident alleged in your Complaint?

7.      If the answer to Interrogatory No. 6 is in the affirmative, please state the name and address of each physician or other health care provider who is currently treating you.

8.      Do you claim any present and/or permanent disability resulting from injuries or conditions allegedly sustained as a result of the incident alleged in your Complaint? If so, please state the nature of the disability claimed.

9.      If the answer to the previous interrogatory is in the affirmative, please answer the following: (a) list the parts of your body which are disabled; (b) list the motions, activities, or use of your body which you have lost or which you are unable to perform; (c) state the percentage of loss of use claimed as to each part of your body; and (d) state the name and address of the person who made the prognosis for permanent disability and the percentage of loss of use.

10.     Have you made any statements to any person regarding any of the events or happenings alleged in your Complaint?

11.     State the factual basis for your contention that the defendants "acted jointly and in concert with each other" as alleged in paragraph 6 of the Complaint.

12.     State the factual basis for your contention that Field and Giampaolo failed to protect the plaintiff from the allegedly unlawful actions of the other defendants as alleged in paragraph 6 of the Complaint.

13.     State the factual basis for your contention that for many years prior to July 11, 2001, it was the policy of the Torrington Fire Department to promote the otherwise qualified applicable for promotion who received the highest score on the promotional examination as alleged in paragraph 7 of the Complaint.

14.     State the factual basis for your contention that the plaintiff "in every way fully qualified for the position of Captain in the Torrington Fire Department" as alleged in paragraph 9 of the Complaint.

15.     State the factual basis for your contention that the plaintiff, based on his score, his other qualifications and the unvarying past and standard practice of the Torrington Fire Department City of Torrington, and the Torrington Board of Public Safety, had a property interest in his promotion to the rank of Captain in the Torrington Fire Department as alleged in paragraph 10 of the Complaint.

16.    State the factual basis for your contention that there was no rational basis for treating the plaintiff in the manner described in the complaint as alleged in paragraph 18 of the Complaint.

17.    State the factual basis for your contention that the defendants denied the plaintiff procedural due process of law in violation of the Fourteenth Amendment to the United States Constitution as alleged in paragraph 19 of the Complaint.

18.    State the factual basis for your contention that the defendants irrationally treated the plaintiff differently from other similarly situated members of the Torrington Fire Department, that is, differently from every other top-scoring and otherwise qualified applicant for promotion within that department as alleged in paragraph 20 of the Complaint.

19.    State the factual basis for your contention that the allegedly disparate treatment of the plaintiff by the defendants was malicious, intentional and irrational as alleged in paragraph 20 of the Complaint.

20.    Identify with particularity each and every element of economic loss as alleged in paragraph 21 of the Complaint.

21.    State the factual basis for your contention that the plaintiff suffered emotional distress as alleged in paragraph 21 of the Complaint.

22.    State the factual basis for your contention that the plaintiff has no adequate remedy at law as alleged in paragraph 22 of the Complaint.

23.    State the factual basis for your contention that the defendants violated the plaintiff's rights to equal protection in violation of the Fourteenth Amendment as alleged in paragraph 56 of the Complaint.

24.    State whether you have filed a complaint or charge with any state or federal agency related to any allegation in the Complaint.

25.    State whether you have filed a grievance with your Union pertaining to any allegation in the Complaint.

**IV.**    **REQUESTS FOR PRODUCTION**

The defendants, JAYE GIAMPAOLO and JOHN B. FIELD, JR., request that the plaintiff produce for inspection, copying, testing or sampling, as the case may be, the documents or tangible things described hereinafter, pursuant to Rule 34 of the Federal Rules of Civil Procedure. The place of production shall be at the law offices of Howd & Ludorf.

1.    All hospital records relating to treatment received as a result of the alleged incident(s), and to any injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories, and written authorization to inspect and make copies of said hospital records.

2.    All reports of all doctors and all other care providers relating to treatment allegedly received by the plaintiff as a result of the alleged incident(s), and to the injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories exclusive of any records prepared or maintained by a licensed psychiatrist or psychologist) and written authorization to inspect and make copies of said reports.

3.    All reports of all doctors and other mental health care providers relating to treatment allegedly received by the plaintiff as a result of the alleged incident(s) and to the emotional injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories.  Please also sign the enclosed mental health authorization appended pursuant to Conn. Gen. Stat. § 52-146c(c), § 52-146d, and § 52-146e.

4.      All medical bills that are claimed to have been incurred as a result of this incident.

5.      All bills for each item of expense that is claimed to have been incurred as a result of this incident and not produced in response to Production Request No. 4 above.

6.      A copy of any non-privileged statement of any party in this lawsuit concerning this action or its subject matter.

7.      A copy of any employment/retainer agreement between yourself and the law firm of Williams & Pattis, LLC which governs your legal representation in the present case.

8.      A complete copy of each and every complaint or charge filed with the Connecticut Commission on Human Rights and Opportunities or the Equal Employment Opportunity Commission.

9.      All documents pertaining to any grievance, formal or informal, filed by the plaintiff pertaining to any of the allegations of the Complaint.

THE DEFENDANTS,
JAYE GIAMPAOLO and JOHN B.
FIELD, JR.


By_____
    Thomas R. Gerarde, ct05630
    John J. Radshaw, III, ct19882
    HOWD & LUDORF
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (fax)

## C E R T I F I C A T I O N

        This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 22nd day of September 22, 2003.

Norman A. Pattis, Esquire
WILLIAMS & PATTIS, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

Constance L. Epstein, Esquire
Jack G. Steigelfest, Esquire
HOWARD, KOHN, SPRAGUE &
FITZGERALD, LLP
237 Buckingham Street
Post Office Box 261798
Hartford, CT 06126-1798


_____
John J. Radshaw, III


13