FILED
Nov 26  11 25 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN HAYES | : |
| | : |
| VS. | : |
| | : |
| CITY OF TORRINGTON, | : |
| JAMES POTTER, | : NO. 3:02CV1542(MRK) |
| CAROLANN KENNEDY, | : |
| THOMAS TELMAN, | : |
| ROBERT ZORDAN, | : |
| KENNETH FUCHSMAN, | : |
| CHRISTOPHER JANCO, | : |
| JAYE GIAMPAOLO and | : |
| JOHN B. FIELD, JR. | : NOVEMBER 25, 2003 |

## BRIEF IN OPPOSITION TO MOTION TO COMPEL

The defendants have moved to compel written disclosure. The motion is moot, since the plaintiff has fully complied with all written discovery requests made by the defendants. An unsigned copy of the plaintiff's discovery responses, which were delivered by hand to defense counsel nearly three weeks ago, is attached hereto as *Exhibit 1*.

Respectfully submitted:

JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931
FAX: 203/776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

## CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Albert G. Vasko, Esq., 140 Main Street, Torrington, CT 06790; Attorneys Jack G. Steigelfest and Constance L. Epstein of Howard, Kohn, Sprague & FitzGerald, 237 Buckingham Street, Hartford, CT 06106; and Thomas R. Gerarde, Esq., Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06116.

JOHN R. WILLIAMS

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN HAYES | : |
| v. | :    NO.: 3:02 CV 01542 (MJK) |
| CITY OF TORRINGTON, ET AL | :    NOVEMBER 7, 2003 |

### PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 33 and 34, the defendants, JAYE GIAMPAOLO and JOHN B. FIELD, JR., hereby request that the plaintiff, KEVIN HAYES, answer under oath the following interrogatories within thirty (30) days of the time service is made upon its attorney of record and to file amended answers to the date of trial as supplemental or additional information is discovered.

### INTERROGATORIES

1. State your name, residence address, business address, date and place of birth, Social Security Number, and driver's license number.

### ANSWER:

**Kevin Hayes**
**Residence: 345 Funston Avenue, Torrington, Connecticut**
**Business: Torrington Fire Department, 111 Water Street, Torrington, Connecticut**
**Place of Birth: Torrington, CT**
**Drive License No.: CT 063362760**

2. State the name, address, and years of attendance and graduation for each school you have attended, starting with high school and including college, junior college, technical school, or any other place of continuing education.

### ANSWER:

**Wamogo Regional High School, Litchfield, CT, graduated in 1977**

Northwestern Connecticut Community College

Waterbury State Technical College, Associate Degree, Municipal Fire Administration.

State of Connecticut, Firefighter 1, 2, 3, Instructor 1,2, Fire Officer 1, Hazardous Material Technician, Fire Hawk Program, member of the Board of Directors, FISH, homeless shelter/food bank - 6 years, Chairperson for Christmas for Children Toy Drive - 6 years, and presently on the Program Committee - Torrington YMCA.

3. Have you ever been or are you currently the subject of or the defendant in any prosecution, administrative action or lawsuit, either civil or criminal? If so, please set forth: (a) the nature, substance, and description of each such complaint, disciplinary action, or lawsuit; and (b) the name and address of each complainant/plaintiff.

**ANSWER:**

**Yes. A civil lawsuit against a former tenant for reasons of non-payment of rent. Maralee Aponte Franco, 1042 Bantam Road, Bantam, Connecticut.**

4. Please list and identify each injury you claim to have sustained as a result of the incidents alleged In the Complaint and state when, where, and from whom did you first receive treatment for said injuries?

**ANSWER:**

**Loss of income and emotional distress. I have not received treatment for these injuries.**

5. State the names and addresses of each physician, therapist, psychologist, psychiatrist, or other source of treatment for the conditions or injuries you sustained as a result of the incident alleged in your Complaint.

**ANSWER:**

**None.**

2

6. Are you presently under the care of any doctor or other health care provider for the treatment of injuries alleged to have been sustained as a result of the incident alleged In your Complaint?

**ANSWER:**

**No.**

7. If the answer to interrogatory No. 6 is in the affirmative, please state the name and address of each physician or other health care provider who is currently treating you.

**ANSWER:**

**Not applicable.**

8. Do you claim any present and/or permanent disability resulting from injuries or conditions allegedly sustained as a result of the incident alleged in your Complaint? If so, please state the nature of the disability claimed.

**ANSWER:**

**Yes. I continue to suffer from emotional distress. I now question my abilities, which has affected my self confidence.**

9. If the answer to the previous interrogatory is in the affirmative, please answer the following: (a) list the parts of your body which are disabled; (b) list the motions, activities, or use of your body which you have lost or which you are unable to perform; (c) state the percentage of loss of use claimed as to each part of your body; and (d) state the name and address of the person who made the prognosis for permanent disability and the percentage of loss of use.

**ANSWER:**

**I do not suffer from any physical injuries. My injuries are emotional and financial.**

3

10. Have you made any statements to any person regarding any of the events or happenings alleged in your Complaint?

**ANSWER:**

**Yes, in my Union grievance.**

11. State the factual basis for your contention that the defendants "acted jointly and in concert with each other" as alleged in paragraph 6 of the Complaint.

**ANSWER:**

**They are all Board of Safety members. They allowed the Board to make their decision based on rumor, not fact.**

12. State the factual basis for your contention that Field and Giampaolo failed to protect the plaintiff from the allegedly unlawful actions of the other defendants as alleged in paragraph 6 of the Complaint.

**ANSWER:**

**Field and Giampaolo informally were pushing Smith and Starr.**

13. State the factual basis for your contention that for many years prior to July 11, 2001, it was the policy of the Torrington Fire Department to promote the otherwise qualified applicable for promotion who received the highest score on the promotional examination as alleged in paragraph 7 of the Complaint.

**ANSWER:**

**This system for promotions has been documented in Board minutes, test scores, and the history of promotions for Lieutenant and Captain within the Department for the past ten (10) Years.**

4

14. State the factual basis for your contention that the plaintiff "in every way, I fully qualified for the position of Captain in the Torrington Fire Department" as alleged) in paragraph 9 of the Complaint.

**ANSWER:**

I served as Acting Captain upon the retirement of Captain Hudak, until the promotions. I met all of the qualifications set forth in the City of Torrington Fire Department Captain job description. In addition, my educational background and my community involvement were important factors. Please see response to Interrogatory Number 2.

15. State the factual basis for your contention that the plaintiff, based on his score, his other qualifications and the unvarying past and standard practice of the Torrington Fire Department, City of Torrington, and the Torrington Board of Public Safety had a property interest in his promotion to the rank of Captain in the Torrington Fire Department as alleged in paragraph 10 of the Complaint.

**ANSWER:**

**The standard had been set by past promotions. Please see response to Interrogatory Number 13.**

16. State the factual basis for your contention that there was no rational basis for treating the plaintiff in the manner described in the complaint as alleged in paragraph 18 of the Complaint.

**ANSWER:**

**As previously stated in above interrogatories, I was qualified for the promotion. I was never given a reason as to why I was not chosen for the promotion, or why previous practices were not followed in my case. I asked John Field why I was not promoted and he did not have an answer.**

5

17.    State the factual basis for your contention that the defendants denied the plaintiff procedural due process of law in violation of the Fourteenth Amendment to the United States Constitution as alleged in paragraph 19 of the Complaint.

**ANSWER:**

**As stated above, despite standard practices of the Board and the Department, and despite my qualifications, I was not promoted. I was never given a reason as to why I was not promoted.**

18.    State the factual basis for your contention that the defendants irrationally treated the plaintiff differently from other similarly situated members of the Torrington Fire Department, that is, differently from every other top-scoring and otherwise qualified applicant for promotion within that department as alleged in paragraph 20 of the Complaint.

**ANSWER:**

**Past promotions were done in sequence of scores. I was not promoted, despite scoring number two. Two promotions were available, and I was not promoted.**

19.    State the factual basis for your contention that the allegedly disparate treatment of the plaintiff by the defendants was malicious, intentional and irrational as alleged in paragraph 20 of the Complaint.

**ANSWER:**

**The defendants had decided, prior to the Board's meeting, to promote candidates three and four. They intentionally did this, knowing that the past history and practice of the Department was to promote in order of test scores. They did this maliciously, knowing it was against the purpose of the testing procedure.**

**Before the meeting, Deputy Chief Jaye Giampaolo called his best friend, who had retired from the Fire Department, to check with him about one deviation from the system which dated back to 1986. (See McElroy v. City of Torrington, No. 3:CV1525, Avallone deposition, pps. 22-24) Giampaolo knew that ignoring the first two candidates on the list had never occurred before. In 1986, there were four slots, and they were filled by the first four names on the list, but the order of selection was 1,2,4,3. (Avallone Dep., pps. 22-24)**

6

It is my contention that Giampaolo passed this information to the Chief and members of the Public Safety Board. No one could remember an occasion when the promotions had deviated from the order of the list and it was necessary to go back to 1986 to dig up one example of promotions out of order, although in that case, all four promotions were still filled by the top four names on the list.

Giampaolo worked the same job as Smith, on opposite shifts, and Giampaolo was Smith's relief person.

20. Identify with particularity each and every element of economic loss as alleged in paragraph 21 of the Complaint.

**ANSWER:**

**Loss of yearly wages and retirement accrual.**

21. State the factual basis for your contention that the plaintiff suffered emotional distress as alleged in paragraph 21 of the Complaint.

**ANSWER:**

**I suffered embarrassment at the promotional meeting as I thought that I was going to be promoted. I was embarrassed not only in front of my fellow co-workers, but also in front of my family members, who were present to support me. I am continually harassed by fellow city workers. I hear things such as "maybe next time if you come in third or fourth you might get promoted." Every day I go to work and see my immediate supervisor, who was third on the promotion list. Every day I suffer emotional distress.**

22. State the factual basis for your contention that the plaintiff has no adequate remedy at law as alleged in paragraph 22 of the Complaint.

**ANSWER:**

**I filed a grievance, but I don't know if that is an adequate remedy. I then decided to file a federal lawsuit.**

7

23. State the factual basis for your contention that the defendants violated the plaintiff's rights to equal protection in violation of the Fourteenth Amendment as alleged in paragraph 56 of the Complaint.

**ANSWER:**

**Mr. McElroy and myself are the only people who have been denied a promotion in this manner, to my knowledge. Mr. McElroy also has a lawsuit pending on this issue.**

24. State whether you have filed a complaint or charge with any state or federal agency related to any allegation in the Complaint.

**ANSWER:**

**My grievance has advanced to the State Mediation and Arbitration Board, Connecticut Labor Department.**

25. State whether you have filed a grievance with your Union pertaining to any allegation in the Complaint.

**ANSWER:**

**Yes.**

8

## REQUESTS FOR PRODUCTION

The defendants, JAYE GIAMPAOLO and JOHN B. FIELD, JR., request that the plaintiff produce for inspection, copying, testing or sampling, as the case may be, the documents or tangible things described hereinafter, pursuant to Rule 34 of the Federal Rules of Civil Procedure. The place of production shall be at the law offices of Howd & Ludorf.

    1.    All hospital records relating to treatment received as a result of the alleged incident(s), and to any injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories, and written authorization to inspect and make copies of said hospital records.

### RESPONSE:

**None. I was not treated.**

    2.    All reports of all doctors and all other care providers relating to treatment allegedly received by the plaintiff as a result of the alleged incident(s)" and to the injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories exclusive of any records prepared or maintained by a licensed psychiatrist or psychologist) and written authorization to inspect and make copies of said reports.

### RESPONSE:

**None.**

    3.    All reports of all doctors and other mental health care providers relating to treatment allegedly received by the plaintiff as a result of the alleged incident(s) and to the emotional injuries, diseases or defects to which reference is made in the answers to, the preceding interrogatories. Please also sign the enclosed mental health authorization appended pursuant to Conn. Gen. Stat. § 52-146c(c), § 52-146d, and § 52-146e.

### RESPONSE:

**None.**

9

     4.    All medical bills that are claimed to have been incurred as a result of this incident.

**RESPONSE:**

**None.**

     5.    All bills for each item of expense that is claimed to have been incurred as a result of this incident and not produced in response to Production Request No.4 above.

**RESPONSE:**

**None.**

     6.    A copy of any non-privileged statement of any party in this lawsuit concerning this action or its subject matter.

**RESPONSE:**

**Attached.**

     7.    A copy of any employment/retainer agreement between yourself and the law firm of Williams & Pattis, LLC which governs your legal representation in the present case.

**RESPONSE:**

**Attorney work product.**

     8.    A complete copy of each and every complaint or charge filed with the Connecticut Commission on Human Rights and Opportunities or the Equal Employment Opportunity Commission.

**RESPONSE:**

    **N/A**

10

9.   All documents pertaining to any grievance, formal or informal, filed by the plaintiff pertaining to any of the allegations of the Complaint.

**RESPONSE:**

**Attached.**

            THE PLAINTIFF
            KEVIN HAYES


            _____
            Katrena Engstrom ct 09444
            Williams and Pattis, LLC
            51 Elm St.
            New Haven, CT 06510
            (203) 562-9931
            Fax: 776-9494

## CERTIFICATION

A copy of the foregoing was **hand-delivered** on the date set forth above to:

John Radshaw, Esq., Howd & Ludorf, 65 Wethersfield Avenue, Hartford, CT 06114.

A copy of the foregoing was sent by **express mail** on the date set forth above to:

Constance L. Epstein at Howard, Kohn, Sprague & FitzGerald, 237 Buckingham Street,

Hartford, CT 06106.

            _____
            KATRENA ENGSTROM

11