## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN HAYES, | : | |
| Plaintiff, | : | NO. 3:02cv1542 (MRK) |
| v. | : | |
| CITY OF TORRINGTON, et al, | : | |
| Defendants. | : | |

### RULING ON SUMMARY JUDGMENT

This case involves Plaintiff's claims under Section 1983, asserting violations of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment stemming from Defendants' failure to promote him to a position of Captain in the Torrington Fire Department after he received the second highest score on the written exam. The applicants who received the third and fourth highest scores were promoted to the Captain position.

An almost identical case was filed in this Court before Judge Alfred V. Covello by the individual who received the highest score on the exam and was also not promoted to Captain. McElroy v. City of Torrington, 3:02CV1525(AVC). The complaints are virtually identical and the two plaintiffs share the same attorney. On March 16, 2004, Judge Covello granted Defendants' motion for summary judgment in the McElroy case, finding that both Plaintiff's due process claim and equal protection claim lacked merit. Ruling on Motion for Summary Judgment, [McElroy doc. #44]. Given the fact that the cases are identical, and the fact that this Court finds Judge Covello's analysis persuasive, the Court GRANTS Defendants' Motions for Summary Judgment [docs. #36, 39] for the reasons stated by Judge Covello in his ruling.

The Court would just add a few additional words regarding the disposition of Plaintiff's Equal Protection claim. In their pleadings, Defendants have suggested that "class of one" claims are limited to classes of exactly one person. Defendants are wrong. As the Supreme Court made clear in the decision defining "class of one" claims, "Whether the complaint alleges a class or one or of five is of no consequence because we conclude that the number of individuals in a class is immaterial for equal protection analysis." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). The Second Circuit has explained that to bring a claim under *Olech*, "plaintiffs can recover if they can show that they were treated differently from similarly situated [persons], . . . and that there was 'no rational basis for the difference in treatment.'" *Cobb v. Pozzi*, 363 F.3d 89, 110 (2d Cir. 2003) (quoting *Olech*. 528 U.S. at 564).

Though Plaintiff has alleged that he was treated differently from similarly situated persons, i.e., those firefighters who received the top two scores on the exam who were promoted to Captain, Plaintiff has not demonstrated that there was no rational basis for the difference in treatment. Defendants have provided affidavits from the members of the City of Torrington Board of Public Safety explaining that the Board members exercised their discretion in selecting for promotion those "individuals best qualified at that time to assist in strengthening the leadership in the Department and increasing the morale level in the Department," Affidavits of Board Members, Rule 56(a)1 Statement [doc. #41], Exhibits E through J, ¶¶6,7, a discretion given the Board Members by the Collective Bargaining Agreement. Plaintiff has not rebutted this testimony and has not asserted any other reason why the Board's decision was irrational. Plaintiff has thus failed to make a claim under *Olech*.

Accordingly, Defendants' Motions for Summary Judgment [docs. #36, 39] are GRANTED. The Clerk is directed to close this file.

IT IS SO ORDERED.

/s/    <u>      Mark R. Kravitz      </u>
United States District Judge

Dated at New Haven, Connecticut: <u>May 26, 2004</u>